This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Keith Maruna, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to a prison term of seven years. This Court affirms in part, reverses in part, and remands.
 I. {¶ 2} Appellant, an eighteen-year-old high school student, and two of his friends were charged with setting several fires. Appellant pled guilty to one count of aggravated arson, in violation of R.C.2909.02(A)(1); two counts of arson, in violation of R.C. 2909.03(A)(1) and one count of unlawful possession of dangerous ordnance, in violation of R.C. 2923.17(A). The trial court sentenced appellant to concurrent terms of seven years for the aggravated arson, eighteen months for each arson, and one year for unlawful possession of dangerous ordnance.
 {¶ 3} Appellant timely appealed, setting forth two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING GREATER THAN THE MINIMUM SENTENCES ON EACH COUNT OF CONVICTION, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME."
 {¶ 5} The trial court is required to comply with R.C. 2929.14(B) when imposing a sentence longer than the minimum. R.C. 2929.14(B) states:
 {¶ 6} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to [2929.14(A)], unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} The Supreme Court of Ohio has interpreted R.C. 2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999),86 Ohio St.3d 324, 326. The trial court is not required to give reasons for its findings. Id. Further, this Court has previously held that the findings need not be in the transcript of the sentencing hearing if they are in the journal entry. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846.
 {¶ 8} In the case sub judice, the trial court properly stated its findings pursuant to R.C. 2929.14(B). The trial court's journal entry states:
 {¶ 9} "(6) anything less would demean the seriousness of the offense[.]"
 {¶ 10} Accordingly, this Court finds that the trial court complied with R.C. 2929.14(B) when it sentenced appellant to more than the minimum sentence and appellant's first assignment of error is not well taken.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING THE MAXIMUM PRISON TERMS ON COUNTS FOUR, FIVE AND EIGHT, SAID SENTENCES BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME."
 {¶ 12} The trial court sentenced appellant to the maximum term for the crimes of arson and unlawful possession of dangerous ordinance. When a trial court imposes a maximum sentence, it must make findings of fact pursuant to R.C. 2929.14(C)[1] and state its reasons pursuant to R.C.2929.19(B)(2)(d)[2]. Edmonson, 86 Ohio St.3d, at 328; see, also Statev. Newman, 9th Dist. No. 20981, 2002-Ohio-4250.
 {¶ 13} After careful review of the sentencing hearing transcript and the judgment entry, this Court determines that the trial court has not set forth the requisite findings for imposition of a maximum term. To impose the maximum sentence, the trial court is required to find on the record one of the following: that appellant committed the worst form of the offense, or he is an offender posing the most likelihood of committing future crimes, or he falls within one of the two special categories of certain major drug offenders or repeat violent offenders. Because the trial court has not done so, appellant's second assignment of error is sustained to the extent that a maximum sentence without these findings is improper.
 {¶ 14} Pursuant to R.C. 2953.08(G)(2), this Court vacates the sentence and remands for resentencing.
 III. {¶ 15} The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for the purpose of resentencing in compliance with R.C.2929.19(B)(2).
SLABY, P.J. CONCURS.
[1] R.C. 2929.14(C) provides:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, * * * and upon certain repeat violent offenders[.]"
[2] R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term[.]"